IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARC T. CRAIN                                                                          PLAINTIFF

v.                                    No. 4:21-cv-367-DPM

FIRST SECURITY BANK, Marc
Crain Irrevocable Trust Bank;
REYNIE RUTLEDGE, Bank Owner;
JOHN RUTLEDGE, Bank President;
LARRY P. CRAIN, Trust Designer's
Coop Partner                                                                         DEFENDANTS

## ORDER

1. This is a dispute about money between two family members (Marc T. Crain and Larry P. Crain Sr.) involving the bank that at one time managed a trust. For clarity, the Court will use first names for the Crains.

2. Marc's motion to change venue lacks merit. Though he lives in California, Marc brought his claims here and venue is proper. 28 U.S.C. § 1391(b). His present concerns about his health, and his comments about where the property was located when the alleged fraud occurred, do not justify transferring the case. 28 U.S.C. § 1404(a).

3. In separate motions, all the defendants move to be dismissed. *Doc. 10 & 18*. Marc has responded. *Doc. 20*. The Court takes the pleaded facts as true. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In his complaint, Marc relies on Arkansas statutory law governing fraud in contracts and trusts, saying that Larry took assets in the Marc Crain Irrevocable Trust from First Security Bank while Marc was hospitalized in November 2017. *Doc. 2 at 4 & 6; Doc. 12 at 1.* Marc says Larry took several cars, stock, and as much as $80,000 from him. *Doc. 2 at 9, 13, & 17.* Marc also provides an agreement, which he signed in August 2018, and which authorizes some property transfers. *Doc. 2 at 13.* He says this was done after the improper 2017 transfers and that Larry never signed the agreement anyway. Marc also points to a Dynasty Trust Company, of which Larry is the sole member, arguing Larry's accountant used the Dynasty Trust Company to erase the unpaid balance from the Marc Crain Irrevocable Trust. *Doc. 2 at 17.* In a later notice, Marc lists the property he believes Larry and nonparty Frank Faust fraudulently obtained from him, saying that Larry abandoned him while he was struggling with serious health problems. *Doc. 12.*

The Court rejects the defendants' argument that subject matter jurisdiction does not exist. *Doc. 10 & 18.* It's true that Marc wrongly asserted federal question jurisdiction. But *pro se* complaints must be liberally construed. Complete diversity of citizenship exists and Marc seeks more than $75,000 in damages. The Court, therefore, has jurisdiction. 28 U.S.C. § 1332(a).

The motion to dismiss by First Security Bank and the Rutledges is granted. Reynie Rutledge and John Rutledge highlight that Marc's complaint is silent as to any claim against them individually. The Court agrees. They are connected with First Security Bank. But nothing in Marc's papers states a claim against either of the Rutledges or connects them to any fraud. Marc asserts that First Security Bank was complicit in the alleged theft of his trust. Marc's supporting papers, though, state that the Bank ceased to serve as the trustee for Marc's trust in 2013 — several years before 2017, when Marc says the fraud occurred. *Doc. 2 at 8*. In any event, Marc has not pleaded fraud with the particularity required by Federal Rule of Civil Procedure 9(b). Marc has not stated a plausible claim against the Bank or either of the Rutledges. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his separate motion to dismiss, Larry argues that Marc has failed to state a claim against him. It is a close question whether the tangle of facts presented in Marc's complaint and attached papers state a plausible fraud claim with the particularity required by Rule 9(b). The allegations are somewhat conclusory. *Bell*, 550 U.S. at 555.

But Marc's complaint and the attached papers reveal a limitations problem. Marc pleads unequivocally that Larry defrauded him of the Marc Crain Irrevocable Trust's assets in November 2017. *Doc. 2 at 9; Doc. 12 at 1*. Marc's May 2021 complaint therefore falls beyond the three-year statute of limitations for bringing a fraud claim under

Arkansas law. ARK. CODE ANN. § 16-56-105. Larry's alleged bedside confession in November 2017 that he took assets eliminates any tolling argument Marc may have had based on concealment. *Walters v. Lewis*, 276 Ark. 286, 290, 634 S.W.2d 129, 132 (1982). Perhaps the August 2018 agreement could save the fraud claim. Marc, however, has not pleaded how that agreement came about, who prepared it, why it was drafted, or how it was connected to the 2017 events. And Marc says Larry never signed the document. Because the parties have not addressed the potentially dispositive limitations issue, and because the 2018 facts are not pleaded with particularity, the fair result is dismissal without prejudice for failure to state a claim.

4.  Motion to change venue, *Doc. 28*, denied. Motions to dismiss, *Doc. 10 & 18*, granted. Marc's other motions, *Doc. 31 & 34*, denied as moot.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

21 March 2022